1
2
3
4
5
6
7

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| ELIZABETH ALLEN, et al.,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>AUTO REPAIR WARRANTY, INC., et al.,<br><br>　　　　　　Defendant. | CASE NO. C10-601RSM<br><br>ORDER ON MOTION FOR DEFAULT JUDGMENT |

This matter is before the Court for consideration of plaintiffs' motion for default judgment, Dkt. # 25. Default was entered against the corporate defendants on May 17, 2011 for their failure to appear or otherwise defend in this matter. Plaintiffs have now moved for default judgment for a "sum certain" pursuant to Fed.R.Civ.P. 55(b)(1). The motion has been considered by the Court pursuant to Fed.R.Civ.P. 55(b)(2) as plaintiffs' request does not fall within the "sum certain" category. *Franchise Holding II, LLC. v. Huntington Restaurants Group, Inc*., 375 F.3d 922, 929 (9th Cir. 2004), *citing KPS & Assocs., Inc. v. Designs By FMC,*

ORDER ON MOTION FOR DEFAULT JUDGMENT - 1

*Inc.*, 318 F.3d 1, (1st Cir.2003).  For the reasons set forth below, the motion shall be denied, without prejudice to renewal with proper supporting documentation.

  Plaintiffs filed this action as a class action against the corporate entities and four individuals, alleging violation of the Magnuson-Moss Act, 15 U.S.C. § 2301, *et seq.*; violation of the Racketeering Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. § 1964; violation of the consumer protection laws of forty-five states and the District of Columbia; civil conspiracy; and the torts of breach of contract and wrongful conveyance.  Complaint, Dkt. # 1.  The claims arise from the corporate defendants' sale of motor vehicle service contracts for used cars.  Plaintiffs assert that several of the corporate defendants have dissolved or disappeared without providing refunds or paying claims, leaving the purchasers with no recourse.  Plaintiffs have attached to the complaint copies of "cease and desist" orders issued against one or more of the corporate defendants, and the individual defendants, by the insurance commissioners of Washington and California.  Dkt. # 1, Exhibits A and B.

  The prayer for relief in the complaint requests a judgment in favor of plaintiffs and the putative class for damages caused by the defendants' conduct, including rescission, and a judgment for treble damages "where authorized by the Ohio Consumer Sales Practices Act and/or the Racketeering Influenced and Corrupt Organizations Act," together with an award of reasonable attorneys' fees, expert fees, and costs of suit.[1]  Complaint, Dkt. # 1, ¶¶ 7.1 – 7.3.  The affidavit accompanying the motion for default judgment requests as damages $46,372, representing the amount paid by each of the eight individual defendants for the useless service contract, together with treble damages under an unspecified "Consumer Protection Act," and

---

[1] The individual defendants are Ohio residents, and the corporate defendants all have their principal place of business in Ohio.  *See,* Complaint, Dkt. # 1, ¶¶ 2.9 – 2.18.

attorneys fees in the amount of $22,988.  Affidavit of William Sherman, Dkt. # 26.  The Court cannot award this amount, because it exceeds what is authorized by statute and what was requested in the complaint.[2]

The only "Consumer Protection Act" under which relief was requested in the prayer for relief is the Ohio Consumer Sales Practices Act, Ohio Rev. Code § 1345.01 *et seq.*  With respect to a private right of action, the relevant section of this statute provides as follows:

> For a violation of Chapter 1345 of the Revised Code, a consumer has a cause of action and is entitled to relief as follows:
>
> (A) Where the violation was an act prohibited by section 1345.02, 1345.03, or 1345.031 of the Revised Code, the consumer may, in an individual action, rescind the transaction or recover the consumer's actual economic damages plus an amount not exceeding five thousand dollars in noneconomic damages.
>
> . . . .
>
> (F) The court may award to the prevailing party a reasonable attorney's fee limited to the work reasonably performed, if either of the following apply:
>
> (1) The consumer complaining of the act or practice that violated this chapter has brought or maintained an action that is groundless, and the consumer filed or maintained the action in bad faith;
>
> (2) The supplier has knowingly committed an act or practice that violates this chapter.
>
> (G) As used in this section, "actual economic damages" means damages for direct, incidental, or consequential pecuniary losses resulting from a violation of Chapter 1345. of the Revised Code and does not include damages for noneconomic loss as defined in section 2315.18 of the Revised Code.

Ohio Rev. Code 1345.09(A), (F), (G).  Under this statute, plaintiffs are entitled to neither treble damages nor attorneys' fees.  While the civil RICO statute, 18 U.S.C. § 1964(c), does provide for "threefold" damages and attorneys' fees, the affidavit in support of the motion for default

---

[2] A default judgment must not differ in kind from, or exceed in amount, what is demanded in the pleadings.  Fed.R.Civ.P. 54(c).

| | |
|---|---|
| 1 | judgment does not invoke RICO but only the unspecified "Consumer Protection Act." Affidavit |
| 2 | of William Sherman, Dkt. # 26, ¶¶ 10 – 17.  Further, the amount of damages requested by |
| 3 | plaintiffs----the amount of loss plus an additional three times that amount---exceeds the |
| 4 | "threefold" damages authorized under RICO. |
| 5 |      Plaintiffs' motion for default judgment in the amount of $69,360 is accordingly DENIED. |
| 6 | Plaintiffs may renew their motion by providing supporting documentation that conforms to the |
| 7 | relief requested in the complaint and identifies the statute under which it is requested. |
| 8 | |
| 9 |      Dated this 26th day of May 2011. |

                                                       /s/ Ricardo S. Martinez

                                                       RICARDO S. MARTINEZ
                                                       UNITED STATES DISTRICT JUDGE